———+o⊙o+———

THE STATE, Respondent, v. McO'BLENIS, Appellant.

1. In retaxing the costs in a cause, if the fees are not legally chargeable they will be disallowed; if the fee-bill on its face is illegal, it must be rejected; but if the charges are such as may have been legally incurred in the prosecution or defence of the action, the fee-bill will be taken to be *prima facie* correct, and the burden of showing its incorrectness is on him who objects to it.

*Appeal from St. Louis Criminal Court.*

In this cause, directed by the opinion of the supreme court, reported in 21 Mo. 272, a retaxation of the costs was had. In retaxing the costs, the court sustained the taxation against McO'Blenis as originally made. Among the items charged against McO'Blenis were the following: " Clerk Howard— indict. 50 cents—capias, $1—recog. 25 cents—3 issues, 75 cents—5 continuances, $1.25—fifty subpœnas in common for the State—15 subpœnas in common for defendants, $32.50— six attachments in common for State—five attachments in common for defendants, $11—two venires, $1.50—3 juries, $2.25—one hundred and thirty oaths, $6.50—two verdicts, 50 cents— six law judg'ts, $1.50—3 judg'ts, 75 cents—execution, $1—$61.25 ; Marshal Bayles, capias, $1—190 subpœnas in common for State, $95—57 subpœnas in common for defendants, $28.59—five attachments in common for State, $5— three attachments in common for defendants, $3 ; two juries in common for defendants, $1.50—two trials in common, $2, &c. ; jury tax in common, $3." The fees of the witnesses " in common" for the State and those for the defendants in common were also taxed against McO'Blenis.

The ground on which McO'Blenis moved the court to re-tax the costs was that he was not responsible for any costs incurred by the State in the prosecution of any one of the defendants but himself; that he should not be taxed for the costs of a witness unless known to be summoned at his instance, or unless known to be summoned by the State against him; that a general subpoena for the State in the case of the State v. Buntlin and others, was not necessarily for a witness against him; that a general subpoena for a witness on the part of the defence, issued in said cause, was not necessarily a subpoena on behalf of McO'Blenis; that he should not be taxed with the whole cost of the board of the jury, nor the whole costs of the judgments rendered, &c.

The court decided that the costs had been correctly taxed.

*J. R. & R. F. Barrett*, for appellant.

I. The taxation of costs is contrary to the opinion of the court and illegal. (See 21 Mo. 272.)

*Decker* and *Voorhis*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

In retaxing the costs of a case, if the fees are not legally chargeable, they will be disallowed. If the fee-bill on its face is illegal, it must be rejected. But if the charges are such as may have been legally incurred in the prosecution or defence of the action, it will be taken to be *prima facie* correct, and the burden of showing its incorrectness is on him who objects to it. Applying this principle to the fee-bill before us, we do not see on what grounds we can interfere. The charges are such as might have been rendered in the cause in which they are entered. No evidence is preserved in the record, and we are without any means of ascertaining the sum really due by the appellant.

The other judges concurring, judgment affirmed.